IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOE KENDALL, | ) | |
| | ) | |
| | ) | Civil Action File |
| Plaintiff, | ) | No. 5:21-cv-00109 |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| KYGO MASONRY, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Joe Kendall ("Plaintiff"), by and through counsel, files this Complaint against Defendant KYGO Masonry, LLC ("KYGO" or "Defendant") and alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff proper minimum and overtime wages.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of KYGO to properly calculate and pay Plaintiff minimum wages and overtime wages during the period April 1, 2018 through April 1, 2021.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 206, 207, and 216.

3. Venue as to KYGO is proper in this District because KYGO engages in business in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District.

4. KYGO's affiliations with Georgia are so continuous and systematic as to render it essentially at home in Georgia.

5. KYGO transacted and continues to transact business in Georgia.

6. Based on KYGO's business transactions in Georgia, KYGO has minimum contacts with Georgia to satisfy due process.

7. This Court has personal jurisdiction over KYGO.

## THE PARTIES

8. Plaintiff is a citizen and resident of Georgia in this District and Division.

9. The relevant period is three years prior to the filing of this complaint, April 1, 2018 through April 1, 2021.

10. Defendant KYGO Masonry, LLC is an Alabama corporation.

11. KYGO's registered agent on file with the Alabama Secretary of State is located at 100 Oxmoor Road Suite 110, Birmingham, AL 35209.

12. KYGO had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

13. At all relevant times, KYGO has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. KYGO employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

15. Plaintiff was employed by KYGO as a brick mason and a "punch out" worker.

16. At all times during his employment, Plaintiff was a non-exempt employee of KYGO.

17. At all relevant times, Plaintiff was an "employee" of KYGO as that term is defined in 29 U.S.C. § 203(e)(1).

18. At all relevant times, KYGO employed Plaintiff within the meaning of the FLSA.

19. KYGO hired Plaintiff in approximately January 2018.

20. Plaintiff's employment with KYGO ended in approximately December 2020.

21. Plaintiff was employed as a "punch out" worker and would complete punch lists for buildings nearing the end of a construction project. A punch list is a document prepared near the end of a construction project listing work not conforming to contract specifications that the contractor must complete prior to final payment. The work may include incomplete or incorrect installations or incidental damage to existing finishes, material, and structures.

22. In performing his job duties for KYGO, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of KYGO's operations.

23. In performing his job duties for KYGO, Plaintiff did not direct or supervise the work of any employees.

24. In performing his job duties for KYGO, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

25. In performing his job duties for KYGO, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

26. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

27. KYGO maintained records of hours that Plaintiff worked.

28. While Plaintiff's schedule varied, he routinely worked in excess of 40 hours per workweek.

29. KYGO routinely denied Plaintiff payment of minimum wage compensation required by the FLSA for all hours worked in a workweek.

30. KYGO denied Plaintiff payment of overtime wages compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

31. KYGO willfully and/or deliberately failed to pay Plaintiff his earned wages for hours worked in violation of the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

32. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

33. At all relevant times, KYGO was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, KYGO employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

35. At all relevant times, KYGO was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person.

36. KYGO had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

37. At all relevant times, KYGO had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

39. Plaintiff suffered damages due to KYGO's willful misconduct.

40. Due to KYGO's FLSA violations, Plaintiff was damaged and is entitled to recover from KYGO compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

    A.    An award of compensation for unpaid wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid wages to Plaintiff;

    C.    All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

    D.    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees to Plaintiff; and

E.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this April 1, 2021,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Andrew Lampros
Ga. Bar #432328
Gordon Van Remmen
Ga. Bar #215512
Brittany A. Barto
Ga Bar No. 501673
400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*
