IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOE KENDALL, ) | |
| ) | |
| ) | Civil Action File |
| Plaintiff, ) | No. 5:21-cv-00109- TES |
| ) | |
| vs. ) | |
| ) | |
| KYGO MASONRY, LLC, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND NOTICE OF PRESENTATION OF EVIDENCE**

Plaintiff files this Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Notice of Presentation of Evidence. Plaintiff files the declarations of Plaintiff Joe Kendall and Plaintiff's counsel Gordon Van Remmen in support of this Motion. Ex. 1, Kendall Declaration; Ex. 2, Van Remmen Declaration.

In support of this Motion, Plaintiff shows the Court as follows:

**PROCEDURAL HISTORY**

On April 1, 2021, Plaintiff filed his complaint in the present lawsuit against Defendant KYGO Masonry, LLC ("Defendant" or "KYGO").[1]  See Doc. 1.  On

---

[1] All allegations in the Complaint are deemed admitted by virtue of Defendant's default. *See*, *FCC Equip. Fin. v. Sumrall*, No. 1:15-CV-00044 (LJA), 2015 WL 5003557, at *1 (M.D. Ga. Aug. 21, 2015).

April 15, 2021, Plaintiff served Defendant with the complaint, civil cover sheet, and summons. Doc. 3, Return of Service Executed.

Plaintiff served Defendant through its registered agent, USCA Inc., 600 Boulevard South SW. Ste. 104-J, Huntsville, AL 35802.[2] Doc. 3, Return of Service Executed.  The affidavit of service lists Amanda Cawthorn as the party served. Id. Ms. Cawthorn was the employee on duty at USCA Inc. and received service on behalf of Defendant as the registered agent. Van Remmen Decl. at ¶ 4.

Per Rule 12, Defendant's answer was due 21 days after service (May 6, 2021). Doc. 3, Return of Service Executed; see also, Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to file an Answer or otherwise respond to Plaintiff's Complaint by the May 6 deadline. See Docket generally.

On May 27, 2021, Plaintiff filed a Motion for Clerk's Entry of Default and mailed a copy of the filing to Defendant at both the address listed on the Alabama Secretary of State and address where Plaintiff perfected service. Doc. 4.  Plaintiff also sent a copy to an address listed for Defendant on Google. Doc. 4; see also, Van Remmen Decl. at ¶ 5 and Exhibit B to Van Remmen Decl.  On June 1, 2021, the

---

[2] The Complaint (Doc. 1) and Summons (Doc. 2) list the address of Defendant's registered agent, USCA Inc., as 100 Oxmoor Road Suite 110, Birmingham, AL 35209.  This address was on file for Defendant with the Alabama Secretary of State. Van Remmen Decl. at ¶ 2; see also, Exhibit A to Van Remmen Decl.  Plaintiff's process server discovered that Defendant's registered agent, USCA Inc., had moved and perfected service at the correct address and noted the change of address on the Return of Service Executed (Doc. 3). Van Remmen Decl. at ¶ 3.

Clerk entered Plaintiff's Request for Entry of Default. see text only docket entry on June 1, 2021.

Defendant has not filed any response to Plaintiff's Complaint and no attorney has filed an entry of appearance on Defendant's behalf as of the filing of this instant motion. See Docket generally.

## STATEMENT OF FACTS

Plaintiff alleged in his complaint that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 USC § 201, *et seq.* by refusing to pay Plaintiff his wages and overtime wages for the hours Plaintiff worked as a brick mason and a "punch out" worker at KYGO Masonry. Doc. 1. Defendant employed Plaintiff as a brick mason and a "punch out" worker from January 2018 through November 27, 2020. Kendall Decl. at ¶ 2. The relevant period for this case is April 1, 2018 (three years prior to the filing of the lawsuit) through November 27, 2020. 29 U.S.C. § 255.

1. **Plaintiff Was Not an Independent Contractor.**

Defendant exerted significant control over Plaintiff's work, including, but not limited to performing job duties pursuant to Defendant's policies and procedures, and Defendant managed virtually all aspects of Plaintiff's work. Kendall Decl. at ¶ 3. Additionally, Defendant controlled Plaintiff in the following ways, (1) Plaintiff could not negotiate the amount he was paid by Defendant; (2) Plaintiff could not negotiate the agreement between himself and Defendant; (3) Defendant did not

permit Plaintiff to hire other workers to assist him with his work; (4) Defendant determined the time and location of Plaintiff's work; (5) Defendant assigned the projects which Plaintiff would work; (6) Defendant determined the method and technique Plaintiff was to use to perform his duties; and, (7) Defendant provided all materials necessary for Plaintiff to perform his duties. Kendall Decl. at ¶ 4.

**2. Defendant Refused to Pay Plaintiff Properly for Overtime Compensation Required by Federal Law.**

Plaintiff was not paid for all the hours that he worked while working for Defendant. Kendall Decl. at ¶ 5. Defendant promised Plaintiff $25.00 per hour for all hours worked regardless of how many hours Plaintiff worked in a workweek. Kendall Decl. at ¶ 6. While Plaintiff's schedule varied, Plaintiff routinely worked in excess of 40 hours per workweek throughout his employment with Defendant. Kendall Decl. at ¶ 7. Further, for the last eight weeks of Plaintiff's employment (September 27, 2020 through November 27, 2020), Defendant failed to pay him for any hours worked. Kendall Decl. at ¶ 8. For this eight-week period, Defendant denied Plaintiff payment of minimum wage compensation required by the FLSA for all hours worked in a workweek. KYGO maintained records for all of Plaintiff's hours worked and for all of Plaintiff's pay received. Kendall Decl. at ¶ 12.

Defendant did not pay Plaintiff for all hours worked, including overtime. Id. at ¶ 10. Defendant "rounded down" or reduced the hours worked by Plaintiff for payroll purposes. Id. at ¶ 11. Defendant denied Plaintiff overtime compensation for

hours worked in excess of 40 hours per workweek. Id. at ¶ 12. Nothing in the record or otherwise shows that this failure was anything other than willful. See generally, docket.

## DAMAGE CALCULATION

Plaintiff suffered damages of $10,880.00 in unpaid wages during the relevant period, April 1, 2018 through November 27, 2020. Van Remmen Decl. at ¶ 9.

**1. Period 1- April 1, 2018 through September 27, 2020.**

| Period 1 – Overtime Damages | |
|---|---:|
| Avg. overtime hours/week | 5 |
| Damage Rate per hour | $12.50 |
| Total Weeks | 130 |
| Total Unpaid OT Wages | $8,125.00 |

For the period April 1, 2018 through September 27, 2020 (Period 1), Plaintiff suffered damages of $8,125.00 in unpaid overtime wages. Van Remmen Decl. at ¶ 10. Plaintiff estimates[3] that he worked 45 hours per week and was not paid for five overtime hours per week while employed by Defendant during Period 1 (130 weeks). Kendall Decl. at ¶ 13. For Period 1, because Plaintiff was paid straight time for all hours worked, Plaintiff's damage rate is $12.50 per overtime hour (half of his hourly

---

[3] Because Defendant is required to maintain records of all hours worked, Plaintiff need only estimate his hours as a just and reasonable inference. *Everett v. Grady Mem'l Hosp. Corp.*, No. 1:15-CV-173-SCJ, 2016 WL 9651268, at *22 (N.D. Ga. May 12, 2016), *aff'd*, 703 F. App'x 938 (11th Cir. 2017) ("In situations where an employer has failed to keep adequate records of the numbers of hours worked, the Court must utilize the burden-shifting framework set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). Under this framework, an employee must initially show the statute is violated and then show the extent of his work as a matter of 'just and reasonable inference.' *Id.* at 687").

wage of $25.00 per hour). Van Remmen Decl. at ¶ 11.  Therefore, Plaintiff was damaged by $8,125.00 in unpaid overtime wages (5 overtime hours x 130 weeks x $12.50 per hour). Van Remmen Decl. at ¶ 12.

### 2. Period 2- September 27, 2020 through November 27, 2020.

For the period September 27, 2020 through November 27, 2020 (Period 2), Plaintiff suffered damages of $2,755.00 in unpaid overtime and minimum wages. Van Remmen Decl. at ¶ 13.

| Minimum Wage Damages | |
| --- | --- |
| Avg. hours/week | 45 |
| Damage Rate per hour | $7.25 |
| Total Weeks | 8 |
| Total Unpaid Minimum Wages | $2,610.00 |

Plaintiff estimates that he worked 45 hours per week while employed by Defendant during Period 2 (8 weeks) and was not paid for any of these hours. Kendall Decl. at ¶ 15.   Plaintiff's damage rate for Period 2 is $7.25 per hour (minimum wage). Van Remmen Decl. at ¶ 14.  Therefore, Plaintiff was damaged by $2,610.00 in unpaid minimum wages (45 hours x 8 weeks x $7.25 per hour). Van Remmen Decl. at ¶ 15.

| Period 2 – Overtime Damages | |
| --- | --- |
| Avg. overtime hours/week | 5 |
| Damage Rate per hour | $3.63 |
| Total Weeks | 8 |
| Total Unpaid OT Wages | $145.00 |

Of the 45 hours per workweek that Plaintiff worked during Period 2 (8 weeks), five of these hours were overtime hours. Van Remmen Decl. at ¶ 16. Plaintiff's damage rate is $3.63 per hour (half of minimum wage). Id. at ¶ 17. Therefore, Plaintiff was damaged by $145.00 in unpaid overtime wages (5 overtime hours x 8 weeks x $3.63 per hour). Id. at ¶ 18.

Therefore, Plaintiff's total wage damage for Period 2 totals $2,755.00 ($2,610.00 in unpaid minimum wages + $145.00 in unpaid overtime wages). Van Remmen Decl. at ¶ 19.

3. **Plaintiff's Total Damage Calculation.**

| KYGO Damage Summary | |
|---|---|
| Total Wage Damages | $10,880.00 |
| Liquidated Damages | $10,880.00 |
| **Total Damages** | **$21,760.00** |

Plaintiff combined wage damages totals $10,880.00 ($8,125.00 for Period 1 + $2,755.00 for Period 2).

Liquidated damages are proper because Defendant's failure to pay Plaintiff was willful. 29 U.S.C. 216(b). The FLSA provides for liquidated damages equal to the "amount of [an employee's] unpaid minimum wages, [and] their unpaid overtime compensation,". 29 U.S.C. 216(b). Therefore, the total liquidated damages equal $10,880.00.

The total damages under the FLSA therefore are $21,760.00 ($10,880.00 in actual damages + $10,880.00 in liquidated damages) plus attorneys' fees and costs.

Van Remmen Decl. at ¶ 20.  Plaintiff also is entitled to reasonable attorneys' fees and litigation costs. 29 U.S.C. 216(b).  The reasonable attorneys' fees to date relating to this matter are $9,660.00. Id. at ¶¶ 21, 24-33.  The costs of this ligation to date are $562.00 which include the filing fee and service costs. Id. at ¶ 22.

## DAMAGES SUMMARY

Plaintiff's sum certain damages are as follows:

        $10,880.00 in actual damages

        $10,880.00 in liquidated damages

        $9,660.00 in reasonable attorneys' fees

        <u>$562.00 in costs                   </u>

        $31,982.00 in total damages

Van Remmen Decl. at ¶ 23.  Plaintiff requests judgment in the amount of $31,982.00 be entered in his favor.

## ARGUMENT

**A.     Default Judgment Is Both Proper and Warranted.**

Following the entry of default, a default judgment is warranted when there exists "a sufficient basis in the pleadings for the judgment entered." *Frazier v. Absolute Collection Serv.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). In addition, courts may consider declarations and affidavits in entering default

judgments. *Id.* As set forth below, Defendant has admitted well-pleaded facts that, both independently and in conjunction with the evidence of record, constitute failure to properly pay Plaintiff's overtime wages. *See, e.g.*, *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (explaining "[i]t is well settled that '[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### B. Damages Are Readily Calculated and Properly Awarded.

The FLSA expressly permits recovery of Plaintiff's unpaid wages, liquidated damages, and reasonable attorneys' fees and costs, 29 USC §§ 207, 216. An evidentiary hearing is not necessary for a default judgment damages award when the record contains sufficient evidence to support the damages request. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (affirming a default

judgment for damages awarded without a hearing for readily calculated damages). Here, the record evidence sufficiently supports the requested monetary award.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant his Motion for Default Judgment and enter judgment against Defendant KYGO Masonry, LLC in the amount of $31,982.00, which is the total back wages, liquidates damages, and attorneys' fees and costs to which Plaintiff is entitled. A proposed Order of Default Judgment is attached as Exhibit 3.

Respectfully submitted this June 22, 2021,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Andrew Lampros
Ga. Bar #432328
Gordon Van Remmen
Ga. Bar #215512
Brittany A. Barto
Ga. Bar #501673

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on this day, the foregoing ***Plaintiff's Motion for Default Judgment and Notice of Presentation of Evidence*** was served upon the following via Certified First-Class US Mail with adequate and proper postage affixed thereto and addressed as follows:

> KYGO Masonry, LLC
> 100 Oxmoor Road
> Suite 110
> Birmingham, AL 35209
>
> KYGO Masonry, LLC
> 600 Boulevard South SW
> Suite 104-J
> Huntsville, AL 35802
>
> KYGO Masonry, LLC
> 1 River Ridge Rd
> Troy, AL 36079

This June 22, 2021.

*/s/ Gordon Van Remmen*
Gordon Van Remmen
